IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PETER TERENCE RUSS,

    Plaintiff,
v.                                            CASE NO. 5:16-cv-211-RH-GRJ

FEDERAL BUREAU OF INVESTIGATION, et al.,

    Defendants.
_____/

**ORDER AND
REPORT AND RECOMMENDATION**

Plaintiff initiated this case by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983, a motion for leave to proceed as a pauper, and a motion for appointment of counsel. ECF Nos. 1, 2, 3. Plaintiff's motion for leave to proceed as a pauper is due to be granted. Plaintiff has also filed motions for a "no contact" order against defendants, and for leave to add "paperwork" to this case. ECF Nos. 5, 6, 7, 8. These motions are due to be denied. Upon due consideration, the Court concludes that this case should be dismissed as frivolous.

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief against a defendant who is immune from such relief.  28 U.S.C § 1915(e)(2).  "A claim is frivolous if it is without arguable merit either in law or fact."  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hospital*, 898 F.2d 126,129 (11th Cir. 1990)).  A dismissal as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B)(i) is appropriate when a complaint presents legal theories that are "indisputably meritless," or when the claims rely on factual allegations which are  "clearly baseless."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

This is plainly such a case.  Plaintiff alleges that Defendants Merry Williams, Tamice Williams, Tonia Williams, and Charleston Williams, who were his neighbors, talked about him in a "false light" to other neighbors and made calls to the police about Plaintiff.  Plaintiff alleges that he moved, and that Tamice, Tonia, and Charleston Williams moved next door to him and continued to make false allegations about him to police and to the Department of Children and Families.  Plaintiff alleges that defendants moved about three years ago, but still come to the area to harass Plaintiff.  Plaintiff has complained to local police about defendants' actions.  Plaintiff alleges that the FBI or another agency has given defendants the authority to use equipment to violate Plaintiff's and his family's rights.  ECF No. 1.

For relief, Plaintiff seeks an order stopping the harassment. *Id*.

The Court can ascertain no cognizable federal claim in Plaintiff's complaint. The named defendants are individual citizens and are not "state actors" for purposes of a civil rights claim pursuant to 42 U.S.C. § 1983. Plaintiff names the FBI as a defendant, but any claims against the FBI are wholly vague and conclusional. See ECF No. 1.[1]

For the foregoing reasons, it is **ORDERED:**

1. Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED.**

2. Plaintiff's motion for appointment of counsel, ECF No. 3, motion for a no contact order, ECF No. 6, and motions to add paperwork, ECF Nos. 5, 7, and 8, are **DENIED.**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B)(i).

**IN CHAMBERS** this 25th day of August 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[1] The Court has previously dismissed as frivolous similar cases filed by Plaintiff making similar vague and conclusional allegations against the same and other defendants. *See Russ v. Unknown Federal Agency*, case number 5:10-cv-289-RS-EMT, Doc. 20 (1/5/11); *Russ v. Unknown Federal Agency*, case number 5:11-cv-3-RS-GRJ, Doc. 10 (5/19/11); *Russ v. Federal Bureau of Investigation, et al.*, case number 5:12-cv-21-RS-GRJ (2/16/12).

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**